UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-60400-CV-COHN

ADELE STORFER, as wife and best
friend of SHELDON STORFER,

Magistrate Judge Seltzer

       Plaintiff,

vs.

GUARANTEE TRUST LIFE
INSURANCE COMPANY,

       Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary

Judgment [DE 50], Plaintiff's Motion for Summary Judgment [DE 54] and Defendant's

Motion to Strike Facts in Plaintiff's Motion for Summary Judgement [DE 58].  The Court

has carefully considered the Motions, Responses [DE's 57, 59, and 61], Replies [DE's

62, 63], heard argument of counsel at a motion hearing held on October 14, 2010, and

is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff[1] filed this breach of contract action in the Circuit Court in and for Broward

County, Florida against his insurance carrier, Guarantee Trust Life Insurance Company

("Defendant").  Defendant removed the action based upon diversity jurisdiction.  Plaintiff

initially moved to remand the action, but later filed an Amended Complaint [DE 22] and

---

[1]  Sheldon Storfer, the insured, was originally a named Plaintiff.  His wife and
best friend, Adele Storfer, is now the Plaintiff.

withdrew the motion to remand [DE 31].  The parties later stipulated to a quantification

of damages should Plaintiff prevail on her claim [DE 47].[2]

The facts in this case are largely undisputed.  Sheldon Storfer purchased a

Home Health Care insurance policy from Defendant in 1997 that pays for "Covered

Expenses" up to $15.00 per hour, for eight hours a day for 24 months (hereinafter,

"Policy").  Exhibit A to Amended Complaint [DE 22-1, p. 5 of 12].  "Covered Expenses"

include five categories, but the only category at issue here is "Visits by a Home Health

Aide to provide custodial care and other personal health care services specifically

ordered by Doctor."  Sheldon Storfer's mental condition deteriorated to the point where

he has cognitive impairments that required him to need help with daily living activities.

On March 17, 2009, Defendant was notified that Storfer was placed in God's V.I.P., an

assisted living facility in Broward County, Florida.  On March 29, 2009, Plaintiff

submitted a claim form under the policy on behalf of Storfer.  Attached to the claim for

was a March 28, 2009 invoice for $3,000 from God's V.I.P. for "rent."  Defendant denied

the claim by letter dated April 16, 2009, stating that "[b]enefits are limited to custodial

care and/or nursing care services provided by a Home Health Care agency which are

provided in the patient's home.  Healthcare services provided in a facility setting are not

covered."  Exhibit A to Plaintiff's Statement of Undisputed Facts [DE 56, p. 73 of 98].

Storfer has continued to live at God's V.I.P., a licensed assisting living facility

_____

[2] The Court notes that the limited stipulation provides that Plaintiff would receive
70% of the monthly fee under the policy for each month he has resided and continues
to reside at God's V.I.P. up to the policy's maximum of 24 months.  This amounts to
only $50,400, however, attorney's fees under Fla. Stat. § 627.428 could push the
amount in controversy the $75,000 required for diversity jurisdiction.

under Florida law.  He receives custodial care at his home at God's VIP by employees of God's V.I.P.  This facility maintains Storfer's medical records, including a chart of his medical care and treatment.  The administrator of God's V.I.P., Scott Colton, testified at his deposition that the rent charge includes help with bathing, incontinence, dressing, grooming, nursing and medication management on a weekly basis, and providing three meals a day and snacks on a daily basis.  Colton deposition at 76 [DE 49-2].  Colton also testified that God's V.I.P. is not licensed as a home health care agency.  Colton deposition at 77, 114.  Finally, Colton testified that residents who need more custodial care contract with third -party contractors to provide that care.

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).   The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." <u>Matsushita Electronic Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50.

### B.  Plain Language of the Policy and Florida Law

Defendant argues that the Policy purchased by Plaintiff only provides for custodial care provided by a "Home Health Care Agency," and therefore does not cover the assisted living facility services claimed by Plaintiff.   As defined above, the Policy only covers custodial care given by a "Home Health Aide."  A "Home Health Aide" is someone on the staff or employed by a "Home Health Agency."  Policy [DE 22-1, p. 3 of 12].  "Home Health Care Agency" is defined in the Policy as:

a service or agency which is licensed by or legally operated in your state.

This does not mean or include Employment Agencies or Nurses Registries unless they are lice

Id.[3]  Defendant purports to rely on the plain language of the Policy, asserting that

Plaintiff knowingly purchased a limited policy to cover only home health care, and not

for charges for living in an assisted living facility.

Plaintiff argues that the plain language of the Policy does cover custodial care

provided at God's V.I.P. because the facility has its own assisted living facility license in

Florida and is now Storfer's home as defined in the policy.  As noted above, the Policy

definition of "Home Health Care Agency" only requires a license or legal operation in a

state.  The type of license is not defined.  Under Florida law, a "home health agency" is

defined as "an organization that provides home health services and staffing services."

Fla. Stat. § 400.462(12).[4]  "Home health services" are defined as "health and medical

services . . . furnished by an organization to an individual in the individual's home or

place of residence."  § 400.464(14).  There is a specific license requirement for a "home

health agency," but assisted living facilities who have their own license are exempt from

obtaining a home health agency license.  Fla. Stat. § 400.464(5)(h).

Plaintiff thus contends that God's V.I.P. can qualify under the terms of the Policy

as a Home Health Care Agency.  Plaintiff also points out that the definition of "Your

---

[3]  Defendant contends that "Home Health Agency" and "Home Health Care Agency" mean the same thing.

[4]  Plaintiff argues in her written papers that it makes a big difference that Florida law does not define "Home Health Care Agency," but only defines "Home Health Agency."  Defendant contends the terms are used interchangeably in Florida law and mean the same thing.  The Court notes that the Policy itself uses both terms, in that the definition of "Home Health Aide" within the Covered Expenses definition refers to Home Health Agency, yet only "Home Health Care Agency" is defined in the definitions.  The Court concludes that the terms mean the same thing.

Home" in the Policy includes an assisted living facility such as God's V.I.P.  "Your

Home" is defined as:

> the place where you normally live.  It would include a private home, a
> home for the retired or aged or a place providing residential care.  It
> doesn't mean or include a hospital, sanitarium or nursing home.

Policy [DE 22-1, p. 3 of 12].

Defendant asserts that the second sentence of its definition of Home Health

Care Agency, which specifically excludes Employment Agencies and Nurses Registries,

also excludes any other type of entity exempted from obtaining a Home Health Agency

license in Florida, such as an assisted living facility.  Defendant contends that this

language "protects" Plaintiff (presumably from services provided by lesser licensed

entities).  Defendant argues that in 1997, at the time this policy began, Florida Statutes

only exempted the two listed entities (Employment Agencies and Nurses Registries)

from obtaining a home health agency license.  Thus, Defendant contends that all

further categories of entities exempt from the requirement of § 400.464(1) are excluded

from the Policy.[5]  At the oral argument, Defendant refined this argument to assert that

unless the exempted entity has its own Home Health Agency license, it is not

considered a Home Health Care Agency under the Policy.

The Court agrees with Plaintiff that the plain language of the Policy covers

custodial care when provided by a licensed assisted living facility.  There is no dispute

in this case that God's V.I.P. is a licensed assisted living facility, legally operating in the

state of Florida, and is providing "custodial care" to Mr. Storfer in his present "home," as

---

[5]  Section 400.464 has been amended numerous times since 1997 and now
contains 14 exemptions.

defined in the Policy.[6]  God's V.I.P. meets the Policy definition of Home Health Care

Agency because it is legally operated in the state of Florida, and is not an excluded

Employment Agency or Nurses Registry.  The plain language of the Policy does not

support Defendant's interpretation that only services received from entities licensed as

a Home Health Agency under Florida are covered by this Policy.[7]


### B.  Ambiguities Construed Against Draftor

Although the Court does not find the plain language ambiguous, as described

above, because the ambiguity issue was briefed by the parties, the Court will also

address this point.  If the policy is considered ambiguous as to whether God's V.I.P. is

considered a Home Health Care Agency under the Policy, then such ambiguity would

be construed against Defendant, the drafter of the Policy.  State Farm Mut. Auto. Ins.

Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla. 1986).  An insurance contract is deemed

ambiguous if it is susceptible to two or more reasonable interpretations that can fairly

be made."  Continental Cas. Co. v. Wendt, 205 F.3d 1258, 1261 -1262 (11th Cir. 2000).


Here, to the extent the second sentence of the definition of "Home Health Care

---

[6]  The record evidence shows that God's V.I.P. is a place providing residential care and is not a nursing home.

[7]  The Court recognizes that the Policy is entitled a "Home Health Care Policy" and contains a notice that the policy may not cover all costs associated with home health care.  The Court also notes that the Storfers purchased a policy that is low-cost and does not cover facility charges such as those in a nursing home.  Nonetheless, the plain meaning of the Policy definitions support coverage for custodial care provided by God's V.I.P.

7

Agency" is ambiguous as to whether additional exempted entities other than Employment Agencies or Nurses Registries are excluded from the definition, two or more interpretations are possible.  Should other entities be excluded, as Defendant argues?  If Defendant intended to include other entities as excluded from the definition of Home Health Care Agency, it could have done so explicitly.  While under Florida law it is true that "renewal of a contract of insurance constitutes the making of a new contract for the purposes of incorporating into the policy changes in the statutes regulating insurance contracts," it is not reasonable to construe the exclusion in this contract to keep growing as more entities are exempted from a home health agency license requirement.  Bell Care Nurses Registry, Inc. v. Continental Casualty Company, 25 So. 3d 13, 15 (Fla. Dist. Ct. App. 2009), *rev. den*. 38 So. 3d 133 (Fla. 2010).  In addition, exclusions in an insurance contract are strictly construed.  Id. at 17. Therefore, Plaintiff's interpretation that an assisted living facility is not excluded is a more reasonable interpretation, particularly given the directive in Florida law to construe ambiguities against the drafter of the policy.

### C.  Remaining Issues

The Court does not rely upon Plaintiff's argument regarding the parties' Limited Stipulation [DE 47] that Defendant has somehow conceded that part of the "rent" charge from God's V.I.P. is necessarily payment for the custodial care.  The Stipulation does not contain any admissions and cannot be held against Defendant on this issue. Nonetheless, the record is clear and not in dispute that Mr. Storfer is in fact receiving

custodial care from God's V.I.P. as that term is defined in the Policy.

The Court also must distinguish the recent decision from the Southern District of Florida that home health care benefits were not covered for someone living in an assisted living facility.  Sawyer v. Transamerica Life Ins. Co., 2010 WL 1372447, *2 (S.D. Fla. March 31, 2010).  The policy at issue in Sawyer specifically excluded from the definition of "Home" assisted living facilities (among many other exclusions).  This decision actually supports the reasoning applied above because it shows how Defendant could have more specifically excluded types of facilities from its definitions in its Policy.

### D.  Motion to Strike

Defendant moves to strike certain facts contained in Plaintiff's Motion for Summary Judgment that were allegedly not contained in Plaintiff's Statement of Undisputed Facts in Support of her Motion for Summary Judgment.  Plaintiff opposes the motion.  Upon a review of the relevant filings, the Court concludes that the first three facts -- a copy of the policy was attached to the Complaint; the defendant admitted to issuing the policy in 1997; and that there was no dispute that Plaintiff paid his premiums and resides in a licensed assisted living facility -- were in fact included in the Statement of Facts and will not be stricken.  The fourth fact relates to the parties' limited stipulation regarding the quantification of damages discussed above.  Here, the Court will strike this "fact" from Plaintiff's motion, as the stipulation cannot be used as an admission that part of the care received by Plaintiff was for "custodial care" that is covered by the Policy.  There is no dispute that God's V.I.P. in fact provided some custodial care to Plaintiff.

III.  CONCLUSION

The Court concludes that the custodial care provided to Mr. Storfer by God's V.I.P. is a covered expense under the Policy, that Defendant breached the insurance contract between the parties, and that amount of Plaintiff's damages has been stipulated to by the parties [DE 47].  These damages are the portion of the facility's total monthly bill that can be considered as custodial care under the Policy.  The parties stipulated to this amount, 70% of the monthly fee under the policy for each month he has resided and continues to reside at God's V.I.P. up to the policy's maximum of 24 months, plus a reasonable attorney's fee pursuant to § 627.428 Fla. Stat., plus prejudgment interest and court costs [DE 47].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion for Summary Judgment [DE 50] is hereby **DENIED**;

2.  Plaintiff's Motion for Summary Judgment [DE 54] is hereby **GRANTED**;

3.  Defendant's Motion to Strike Facts in Plaintiff's Motion for Summary Judgement [DE 58] is hereby **GRANTED in part**, as described above;

4.  Plaintiff shall submit a proposed final summary judgment, based upon the Limited Stipulation, by October 22, 2010.  This proposed final summary judgment need not include attorney's fees, as the procedure and deadline for seeking attorney's fees is governed by Local Rule 7.3.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of October, 2010.

Copies furnished via CM/ECF:
counsel of record

JAMES I. COHN
United States District Judge