UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60400-CV-COHN

ADELE STORFER, as wife and best
friend of SHELDON STORFER,

Magistrate Judge Seltzer

    Plaintiff,

vs.

GUARANTEE TRUST LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION FOR COSTS

**THIS CAUSE** is before the Court upon the Plaintiff's Motion for Costs [DE 70], Defendant's Response in Partial Opposition [DE 75], and Plaintiff's Reply, including Plaintiff and Defendant's Stipulation and Agreement to Certain Costs [DE 76]. The motion became ripe on December 1, 2010.

### I. BACKGROUND

Plaintiff obtained a summary judgment in this case on October 27, 2010 [DE 68]. Plaintiff then moved for an award of costs. After Defendant disputed many of the costs, the parties resolved part of the dispute, with a few items remaining for adjudication. The Court will now resolve the remaining issues.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Moreover, "[i]n the exercise of

sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co, 482 U.S. 437, 445 (1987).

28 U.S.C. § 1920, taxation of costs, provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of this title;

   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the present case, the remaining disputed costs sought by Plaintiff total $1,735.69 for the following items: (1) fees for service of subpoenas ($49.00); (2) fees for the court reporter and transcripts of certain depositions ($259.00); (3) costs of attorney travel ($852.69); and (4) mediation fees ($575.00).

### A.  Service in Illinois

Defendant objects to the full charge of $109.00 for service of process upon Gregg Hutchinson, a claims representative for Defendant.  Defendant contends that the

amount Plaintiff can recover for the cost of a private process server is limited to the amount charged by the Marshal's Service. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). This amount is $55.00 per hour. 28 C. F. R. § 0.114(a)(3) (2010). Plaintiff contends that Defendant should pay the full price because they did not produce their own claims representative for deposition to avoid the need for a process server. Plaintiff also states that the cost of the Marshal's Service in Cook County, Illinois is $60.

The Court concludes that in the absence of any documentation to support Plaintiff's claim regarding the amount of the cost of service, Defendant has met its burden in challenging the reasonableness of the costs sought by Plaintiff above $55.00. The Eleventh Circuit decision in W&O makes clear that this is the proper result. Therefore, the amount of $54 of the total cost of $109 for service upon Gregg Hutchinson will not be taxed.

### B.  Deposition Costs

Defendant reasonably objects to certain extra costs Plaintiff incurred as part of her counsel's receipt of deposition transcripts. The Court notes that neither party has submitted into the Court record the actual bills for the court reporter services, so the Court is limited to the parties' descriptions of those charges. Of the three types of charges at issue, the two $25 charges for Federal Express delivery are in the nature of rush charges for which Plaintiff has not provided an explanation. Similarly, the charge of $164 for a "dirty" copy, presumably a rough copy of the transcript that was provided on an expedited basis, would also be considered a form of rush charge for which no explanation has been provided. Such costs are not taxable. Kearney v. Auto-Owners Ins. Co., 2010 WL 1856060, *2 (M.D. Fla. May 10, 2010). Similarly, the charge of $45 for an e-transcript, presumably a format used for computer searches of the text of the

deposition, is another cost that is for the convenience of counsel, but not specifically authorized by statute or case law.  Woods v. Deangelo Marine Exhaust, Inc., 2010 WL 4116571, *8 (S.D. Fla. Sept. 27, 2010) (collecting cases).

Therefore the $259.00 of disputed charges for fees for the court reporter and transcripts of certain depositions will not be taxed.

### C.  Attorney Travel and Mediation Costs

Plaintiff seeks to recover the costs of her attorney's travel to Chicago to take the deposition of Plaintiff's corporation representative and her share of the mediation costs.  Outside of a federal civil rights claim, such travel costs are not recoverable.  Willams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1317-18 (S.D. Fla. 2009) (collecting cases).  Plaintiff argues in her reply memorandum that "the fee shifting provisions of Florida Statute [§] 627.428, are intended to have a similar effect as the civil rights fee shifting provisions as described in Dowdell v. City of Apopka, Fl., 698 F.2d 1181 (11th Cir. 1983)."  Plaintiff does not provide any legal support for this interesting argument, and the Court was unable to find an Eleventh Circuit decision on this issue.  Therefore, the travel costs will be denied.

Similarly, mediation costs are also not specifically listed in section 1920 as taxable.  Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc., 260 F.3d 1054, 1061 (9th Cir.2001) ("[N]othing in 28 U.S.C. § 1920 provides for the cost of a mediator."); George v. GTE Directories Corp., 114 F.Supp.2d 1281, 1300 (M.D. Fla. 2000) (refusing to tax mediation costs when prevailing party cited no legal authority to justify such an expense); UNI-Systems, Inc. v. Delta Air Lines, Inc., 2002 WL 505914, *4 (D.Minn. Mar.28, 2002) ("The Court does not read § 1920 to allow taxation of miscellaneous mediation fees"); Wayne v. Dallas Morning News, 2000 WL 343188, *3 (N.D.Tex.

4

Mar.31, 2000) (holding that mediation costs are not compensable), *aff'd*., 226 F.3d 641 (5th Cir.2000); AM Properties v. Town of Chapel Hill, 202 F.Supp.2d 451, 456 (D.N.C. 2002).  Therefore, the Court will not tax costs in the amount of the defendant's portion of the mediation fee.

### III.  CONCLUSION

None of the remaining disputed costs will be taxed by the Court.  The Plaintiff is left with the unopposed costs of $2,443.21, as specified in Plaintiff's Reply (from which $5 was subtracted due to the Marshal's service fee being $55, and not $60).

Accordingly it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Costs [DE 70] is hereby **GRANTED in part** and **DENIED in part**, as described above.  The Court will separately enter judgment for costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of December, 2010.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record on CM/ECF