UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60400-CV-COHN

ADELE STORFER, as wife and best
friend of SHELDON STORFER,

       Plaintiff,

vs.

GUARANTEE TRUST LIFE
INSURANCE COMPANY,

       Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DETERMINE ATTORNEYS' FEES LODESTAR AND ENTITLEMENT TO A MULTIPLIER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Determine Attorneys' Fees Lodestar and Entitlement to a Multiplier [DE 81], Defendant's Response [DE 89], and Plaintiff's Reply [98]. The Court has carefully considered the filings, the argument of counsel at yesterday's hearing, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff[1] filed this breach of contract action in the Circuit Court in and for Broward County, Florida against his insurance carrier, Guarantee Trust Life Insurance Company ("Defendant"). Defendant removed the action based upon diversity jurisdiction. Plaintiff initially moved to remand the action, but later filed an Amended Complaint [DE 22] and withdrew the motion to remand [DE 31]. The parties later stipulated to a quantification of damages in the amount of $42,000, plus reasonable attorney's fees, if Plaintiff prevailed

---

[1] Sheldon Storfer, the insured, was originally a named Plaintiff. His wife and best friend, Adele Storfer, is now the Plaintiff.

on her claim [DE 47].

After discovery, both sides moved for summary judgment.  After hearing oral argument on the motions, the Court ruled in favor of Plaintiff based upon the largely undisputed facts in the case, as well as the plain language of the policy and Florida statutes.  This Court stated:

> The Court agrees with Plaintiff that the plain language of the Policy covers custodial care when provided by a licensed assisted living facility.  There is no dispute in this case that God's V.I.P. is a licensed assisted living facility, legally operating in the state of Florida, and is providing "custodial care" to Mr. Storfer in his present "home," as defined in the Policy.  God's V.I.P. meets the Policy definition of Home Health Care Agency because it is legally operated in the state of Florida, and is not an excluded Employment Agency or Nurses Registry.

Order Granting Plaintiff's Motion for Summary Judgment at pp. 6-7 [DE 66].

Plaintiff now moves for a determination of the amount of fees, as well as whether Plaintiff is entitled to a multiplier under Florida law.  Defendant opposes the request for a multiplier, and disputes the amount of fees requested by Plaintiff, both as to the reasonable hourly rate and the number of hours requested.

## II.  DISCUSSION

Plaintiff's counsel (hereinafter, "Plaintiff") seeks a fee award of $256,212.50, based upon a lodestar amount of $102,485.00 and a 2.5 multiplier.  The basis for fees is Florida Statutes § 627.428, which awards fees to an insured who recovered benefits under an insurance contract.  In this diversity action, there is no dispute that Florida law controls the resolution of this fee motion.  Insurance Co. of North America v. Lexow, 937 F.2d 569, 571, 572-73 (11th Cir. 1991).

Plaintiff seeks a base award of $102,485.00 ("lodestar"), based upon 242.25 hours worked at a rate of $500 per hour for the two attorneys and $100 for paralegal work. The Florida Supreme Court has stated that courts should use the criteria set forth in Disciplinary Rule 2-106(b) of The Florida Bar Code of Professional Responsibility, which are "essentially the same" as those applied by federal courts in this Circuit. Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)[2] and Hensley v. Eckerhart, 461 U.S. 424 (1983)).

This Circuit has adopted the lodestar approach in determining an award of attorney's fees. Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1298–1302 (11th Cir. 1988). To establish a lodestar amount, the court must ascertain the number of hours an attorney reasonably expended on the litigation and multiply that figure by a reasonable hourly rate. Id. at 1302. The party seeking fees "is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." Duckworth v. Whisenant,

---

[2] The former Fifth Circuit Court of Appeals stated that the following twelve factors are relevant in establishing an hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 719 (The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*)).

97 F.3d 1393, 1396 (11th Cir. 1996).   After a court determines a lodestar, it may adjust that amount (either upward or downward) based upon a number of factors, including the results obtained in the litigation.  Norman, 836 F.2d at 1302.

### A.  Reasonable Rate

The Court first turns to the hourly rate charged by Plaintiff's counsel.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  A fee applicant bears the burden of demonstrating with satisfactory evidence that counsel's rates are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.  Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.

Id. (citations omitted).  "The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  Id. at 1303.

Here, Plaintiff has submitted billing rates of $500 per hour for Jonathan Aronson and Steven Dunn, Plaintiff's counsel in this action.  Plaintiff supports these rates with various arguments under the Johnson factors.  For example, Attorney Aronson was admitted to Florida in 1984 and has over 26 years of legal experience, while Attorney

4

Dunn was admitted in 1985 and has 25 years of legal experience.  Each has tried to verdict a number of complex personal injury and contract cases.  Plaintiff contends that counsel has been involved in the niche area of long term care benefits law, having been involved in the only published such case in Florida, though that would only apply to Attorney Dunn.[3]  Plaintiff alleges that neither counsel was able to accept any other employment while litigating this case.  Plaintiff acknowledges that it stipulated to a damage amount, thereby reducing Plaintiff's potential attorneys' fees on that particular issue.  Plaintiff further argues that time was of the essence because Sheldon Storfer suffers from severe dementia and his spouse needed to obtain benefits to pay for his care.  Finally, because the attorneys' fees were contingent, counsel assumed some risk of recovering nothing for their time.

Defendant objects to the proposed rates, stating that a reasonable rate for counsel such as Attorney Aronson and Attorney Dunn is $315 per hour.  Defendant suggests that counsel's years of practice, primarily in areas outside benefits legislation, do not justify their high rate.  More importantly, Defendant contends that the issues in this case were not novel or complex.  As the Court noted above, its determination was based upon the plain language of the insurance policy and Florida statutes.  While it is true that few reported cases exist in the long term care area, that fact is not more important than what was actually litigated herein.  Defendant further argues that because this case was not complex, Plaintiff's counsel was not precluded from other employment.  Finally, Defendant

---

[3] This Court relied in part upon the reasoning in that decision, <u>Bell Care Nurses Registry, Inc. v. Continental Casualty Company</u>, 25 So. 3d 13, 15 (Fla. Dist. Ct. App. 2009), *rev. den*. 38 So. 3d 133 (Fla. 2010).

notes that Sheldon Storfer resided at the assisted living facility throughout the litigation, and therefore the time limitations factor was not present.

In her reply, Plaintiff asserts that the Court must look to rates within the locality of South Florida and adjust previously granted hourly rates an inflation adjustment.[4]  She cites to several cases to support their request of $500 per hour.  First, in Labaton v. Mellert, 772 So.2d 622, 623 (Fla. Dist. Ct. App. 2000), the Fourth District Court of Appeal affirmed an award of $400 per hour plus a 2.0 multiplier, in a trip and fall case that involved "lengthy, contested pretrial litigation and a jury trial of several days."[5]  However, the present case was not lengthy, nor heavily contested as to the facts, nor did it involve a jury trial.  Plaintiff next cites to Homer & Bonner, P.A. v. Miami-Dade County, 884 So.2d 425 (Fla. Dist. Ct. App. 2004), in which the Third District Court of Appeal, without discussion, approved hourly rates for plaintiff's counsel of $400 and $450 per hour (though it rejected a multiplier).  Plaintiff in this case presents no information on the relative experience and circumstances of counsel in those two reported decisions.

This Court agrees with all of the arguments made by Defendant, and concludes that Plaintiff's hourly rate request is unreasonable, based upon the totality of the circumstances, the record in this case and the Johnson factors.  Rather, based upon all of the relevant factors, a reasonable hourly rate is $315 for Attorney Aronson and $350 for Attorney Dunn.  It is Attorney Dunn who has the record of being an expert in the area of

---

[4] The case cited by Plaintiff to support this statement does not appear to mention anything about attorneys' hourly rates.  FIGA v. R.V.M.P., 874 F.2d 1528 (11th Cir. 1989).

[5] Fees were awarded pursuant to Florida's Offer of Judgment Rule.

6

long term care insurance litigation, thus justifying a higher rate.

## B.  Reasonable Hours Expended

The Court next turns to the reasonableness of hours expended by Plaintiff's counsel.  A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity."  Norman, 836 F.2d at 1303.  "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights."  Id. at 1301.  Thus, fee applicants must use "billing judgment."  Id.  In ascertaining the number of reasonable hours, a court must deduct "'excessive, redundant or otherwise unnecessary hours'" from those claimed.  Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

Here, Plaintiff submits billing records reflecting 178.35 hours for Attorney Aronson, 46.60 hours for Paralegal Fabiola Cardona, and 17.3 hours for Attorney Dunn.  Defendant opposes the request as unreasonable.  Defendant has included a line by line notation as to each objectionable time entry, based upon whether they are duplicative time entries ("D"), clerical work ("C"), unsuccessful matters ("L"), routine pre-suit activities ("P"), and within district travel ("T").  Exhibit A to Memorandum [DE 89-1].

In general, Defendant notes that there is nothing in the motion or billing records to indicate that Plaintiff exercised any billing judgment.  Rather, because Plaintiff seeks recovery for time spent on a motion to remand that she withdrew, there is evidence that Plaintiff failed to exercise such judgment.  Defendant has identified 14.7 hours that pertain to the motion to remand and other issues in discovery which Plaintiff should have removed

from her fee request.  The Court concludes that these hours should be excluded.

Defendant next contends that Plaintiff's attorneys have duplicated their efforts on two occasions – the oral argument on the motions for summary judgment and the joint pretrial scheduling conference.  Defendant has identified 5.5 billed hours of duplication on these two hearings.  In reply, Plaintiff states that counsel work as a team on the legal issues, with Attorney Aronson preparing the brief and Attorney Dunn conducting the oral argument.   The Court concludes that only one counsel was necessary for each hearing.

Defendant further argues that Plaintiff has included 6.0 hours of clerical work performed by Paralegal Cardona that is not compensable.  Norman, 836 F.2d at 1036.  The Court agrees that such time should be excluded.

Defendant also asserts that hours spent on routine pre-suit activity is precluded under § 627.428.  However, in reply, Plaintiff cites to U.S Fidelity and Guarantee Co. v. Rosado, 606 So.2d 628, 629 (Fla. Dist. Ct. App. 1992) and Wollard v. Lloyd's & Cos. of Lloyd's, 439 So. 2d 217, 219, n.2 (Fla. 1983) for the proposition that if the pre-suit legal services were necessitated by the insurer's unreasonable conduct, then they can be recovered.   Under that standard, Plaintiff has failed to meet her burden to claim those hours (5.35 hours), which are described as conferencing or meeting with Adele Storfer re "possible new case."  Exhibit A to Motion [DE 81-1].[6]

Defendant further contends that time spent on travel within the Southern District is

---

[6]  At the motion hearing, upon inquiry by the Court, Plaintiff merely repeated the standard but did not improve upon the argument in her memoranda.

not recoverable. Defendant has identified 43.25 specific hours in this category.[7] In reply, Plaintiff argues that Defendant has unreasonably eliminated all of the time spent at the scheduling conference, mediation, and the depositions of Defendant's corporate representative, Scott Colton, and Adele Storfer. Plaintiff also asserts that time spent on intra-district travel is compensable.[8] Defendant defends its objections to the entire billing entries for those days by stating that it is Plaintiff's burden to differentiate among tasks performed in one day.

The Court concludes that only a portion of the entries identified by Defendant must be stricken, as the time spent at the event attended (deposition, mediation, etc.) is compensable, even if travel within the District is not. Attorney Aronson's explanation at the oral argument satisfies Plaintiff's burden. Thus, the Court will strike 9.1 hours for intra-district travel, computed as 1.3 hours for each of the seven billing items objected to by Defendant. Plaintiff is correct that eliminating the entire entry because it includes some intra-district travel is not reasonable.

Defendant concludes its opposition to the claimed hours by stating that there are approximately 95 hours of "vague, clerical, duplicative, and otherwise improper work." However, the specific objections total only 74.8 hours. It is unclear which hours Defendant contends are "vague" or "otherwise improper," and thus those objections are overruled.

---

[7] At oral argument, Defendant withdrew its objections to the time on July 22, 2010 for return to Miami from the corporate representative deposition in Chicago.

[8] At oral argument, Attorney Aronson proffered that approximately 1.3 hours of each of the seven instances of contested intra-district travel were spent on travel, as opposed to attendance and/or participation at the event attended.

Thus, the Court will reduce the amount of hours by 40.65 hours,[9] finding that a reasonable lodestar for Attorney Aronson is 146.6 hours at $315.00 per hour for a fee award of $46,179.00; for Attorney Dunn it is 16.7 hours at $350 per hour for a fee award of $5,845.00; and for Paralegal Cardona it is 38.3 hours at $100 per hour for a fee award of $3,830.00, with a total lodestar award of $55,854.00.

### C.  Multiplier

Plaintiff seeks the Court to award a 2.5 multiplier pursuant to Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).  Under Florida law, a trial court must consider whether to add a multiplier, but the decision whether to award one is discretionary with the trial court.  State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla. 1993).  Fee awards pursuant to Fla. Stat. § 627.428 can qualify for a multiplier.

According to the Florida Supreme Court, a trial court must consider several factors, including whether the relevant market requires a contingency fee multiplier to obtain competent counsel; whether the attorney was able to mitigate the risk of nonpayment in any way; and whether any of the factors in Rowe are applicable, "especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." Quanstrom, 555 So.2d at 834.  If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the likelihood of success was approximately even at the outset, then it may apply a multiplier of 1.5 to 2.0; and if success was unlikely, then it may apply a multiplier of 2.0 to 2.5.  Id.

---

[9] The subtraction total is derived from adding the following deductions: 14.7 for billing judgment (unsuccessful portions of litigation); 5.5 hours for duplication of efforts; 6.0 for clerical; 9.1 for intra-district travel; and 5.35 for pre-suit activity.

Plaintiff contends that long term care litigation is a unique area of law in which "very few, if any, other attorneys are involved." Plaintiff's counsel states that they proposed a novel theory as no reported decision had found that an assisted living facility could be considered a person's home. Plaintiff suggests that because there is no market for such counsel, a contingency fee multiplier is required to obtain competent counsel.

Defendant argues in opposition to the multiplier request that Plaintiff has not set forth any competent evidence that she would have had difficulty obtaining counsel. In addition, Defendant states that counsel's risk of nonpayment was mitigated because Fla. Stat. § 627.428 requires payment of attorney's fees if an insured is successful in litigation. Of course, this argument presupposes that Plaintiff had a likely chance of winning the litigation. In reply, Plaintiff points out that Plaintiff Storfer was not in a position to pay legal fees absent a successful lawsuit. Defendant makes a better argument that the case was not complex, that the recovery was modest, and that a multiplier of 2.5 would result in an unreasonable windfall for Plaintiff's counsel.

This Court concludes that a 1.5 multiplier is warranted in this case, as it could only have been brought on a contingent basis. Plaintiffs in the area of long term care litigation who have valid claims by definition will no longer employed and dependent upon others for their care. While they likely won't be indigent (or they would not be able to afford the insurance in the first place), they are unlikely to be able to afford counsel on an hourly basis.

In addition, as the parties note, there was only one published Florida law opinion regarding long term care insurance, though it was decided adversely to the insurer. More importantly, the long term care policy itself never mentioned an assisting living facility. Thus, success at the outset of this action was approximately even. Because Florida

statutes, as applied to the language of the policy, made clear that a person's "home" could be in a licensed assisted living facility, Plaintiff is incorrect in asserting that success was unlikely. The fact that no attorney had brought such a claim before does not mean that the claim was unlikely to succeed. Taking into account all the factors described above, a 1.5 multiplier is warranted in this case.

### III. CONCLUSION

A total lodestar award of $55,854.00 multiplied by 1.5 yields a total fee award of $83,781.00. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Determine Attorneys' Fees Lodestar and Entitlement to a Multiplier [DE 81] is hereby **GRANTED in part** and **DENIED in part**, as explained above;

2. The Court shall separately enter a final judgment as to attorney's fees.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of January, 2011.

_____
JAMES I. COHN
United States District Judge

Copies furnished via CM/ECF:
counsel of record